**From:** Nelson Mixon
**Sent:** Wednesday, August 21, 2019 7:06 PM
**To:** Mesa.NorthandEast.Clm
**Cc:** Barry Willits
**Subject:** [EXTERNAL] Claim No. 45-92-2018 (5205 Lincoln, LLC)

---

Attached is a courtesy copy of the complaint in this matter, which has been served via the Arizona Department of Insurance.

Nelson A. F. Mixon
HOLDEN WILLITS PLC
Two North Central Avenue, Suite 1760
Phoenix, Arizona 85004
602-508-6223 phone
602-508-6211 fax
nmixon@holdenwillits.com



```
HOLDEN WILLITS PLC
Two North Central Avenue, Suite 1760
Phoenix, Arizona 85004
Telephone (602) 508-6210
Facsimile (602) 508-6211

Barry A. Willits (State Bar No. 016091)
    bwillits@holdenwillits.com
Nelson A. F. Mixon (State Bar No. 028882)
    nmixon@holdenwillits.com

Attorneys for Plaintiff 5205 Lincoln, LLC
```

AUG 20 2019
CLERK OF THE SUPERIOR COURT
J. CARDENAS
DEPUTY CLERK

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| 5205 LINCOLN, LLC, an Arizona limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>OWNERS INSURANCE COMPANY, a foreign insurer,<br><br>          Defendant. | Case No. CV2019-011818<br><br>**COMPLAINT**<br><br>(Tier 3) |

For its complaint against defendant Owners Insurance Company (the "Insurance Company"), plaintiff 5205 Lincoln, LLC ("5205") alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. 5205 is an Arizona limited liability company doing business in the State of Arizona.

2. The Insurance Company is a foreign insurance company doing business in the State of Arizona.

1

G:\Docs\5205 Lincoln\legals\Complaint.docx

3. The acts and omissions giving rise to this lawsuit occurred in Maricopa County, Arizona.

4. Jurisdiction and venue are proper in this Court.

5. This case qualifies as a Tier 3 case because of the amount in controversy.

## GENERAL ALLEGATIONS

### Background on 5205 and the Property.

6. 5205 incorporates its allegations above as if fully set forth herein.

7. 5205 is a small business that owns certain real estate located at 5203 and 5205 East Lincoln Drive, Paradise Valley, Arizona (the "Property").

8. There are three buildings on the Property: the Northeast Building, the Northwest Building, and the Rear Building. The buildings are shown below:



2

9. 5205 rented all three buildings. The Northeast Building and Northwest Building were rented by Stevan's Consignment ("Tenant"), a home furnishings store, and the rear building was rented by Bedbrock Developers, LLC, a general contractor.

### 5205 Bought the Policy from the Insurance Company.

10. 5205 bought a businessowner's policy from the Insurance Company, policy no. 51-204-952-00 (the "Policy"), and subsequently renewed the Policy.

11. The Policy provided property insurance coverage for all three buildings on the Property.

12. The Policy was in effect on October 21, 2018.

13. The Policy contains the following provision providing coverage for collapse:

> We will pay for loss or damage caused by or resulting from risks of direct physical loss involving collapse of a building or any part of a building…

### The October 21, 2018 Roof Collapse and Resulting Water Damage.

14. On October 21, 2018, a portion of the mansard roof on the Northeast Building collapsed (the "Collapse").

15. 5205 promptly reported the Collapse to the Insurance Company.

16. Repairs needed to be made to the Northeast Building as a result of the Collapse.

17. As part of the repair work, 5205 was required to perform certain additional work to comply with the building code and other requirements of the Town of Paradise Valley.

3

18. During the repair work, 5205 learned the existing roof and structure of the Northeast Building suffered resulting water damage (the "Water Damage") as a result of the damage sustained in the Collapse, subsequent weather events, and the failure of contractors hired by Insurance Company to properly waterproof the Northeast Building after performing initial demolition work.

19. 5205 promptly reported the Water Damage to the Insurance Company and invited the Insurance Company to inspect, but it failed to send an adjuster to do so.

### Repairs Have Cost $141,728.83.

20. 5205 has spent or incurred $76,710.64 on roof repairs as a result of the Collapse and $38,839.18 on repairs as a result of the Water Damage. This repair work is now finished.

21. Further, 5205 has incurred or will incur $19,611.77 for lighting repairs, $4,879.64 for misting system repairs $1,437.60 for sign repairs, and $250.00 for engineering costs, all as a result of the Collapse.

### The Insurance Company's Failure to Pay For and Inspect the Repairs.

22. To date, the Insurance Company has only paid $35,964.21 for repair work. A further $105,764.62 for repair work is due and owing.

23. Despite repeated demands, the Insurance Company has refused to pay the remaining amount due for the repair work.

24. The Insurance Company has never sent an adjuster to inspect the repair work completed by 5205.

25. The Insurance Company failed to acknowledge or respond to 5205's August 6, 2019 request that the Insurance Company inspect the completed work so payment could be made.

### 5205's Lost Tenant and Rental Income.

26. As a result of the Collapse, Tenant ceased paying rent on both buildings and eventually terminated its lease, claiming constructive eviction.

27. 5205 has incurred lost rental income of $117,749.08 through August 2019 as a result of the Collapse. This amount will continue to increase until 5205 finds a replacement Tenant.

### The Insurance Company's Failure to Pay For 5205's Lost Tenant and Rental Income.

28. The Insurance Company has only paid $34,628.16 of 5205's lost rental income. This is less than a third of the loss 5205 has suffered, and 5205 has repeatedly informed the Insurance Company of this. Nevertheless, the Insurance Company has failed and refused to pay the remaining amounts.

29. The Insurance Company has failed to pay anything to 5205 for lost rent since May 2019 despite repeated requests by 5205.

30. On March 21, 2019, the Insurance Company's adjuster calculated that 5205's monthly lost rental income was $11,131.03:

> On Mar 21, 2019, at 10:05 AM, Lawrence, Beau <Lawrence.Beau@aoins.com> wrote:
>
> Hi Phil,
>
> I've calculated the total monthly rent loss as follows:
>
> $527.32/3 =    $176.11 utilities
>                   $467.72 tax
>                   $157.90 insurance
>                   $801.73
>                   $10,329.30 rent
>                   $11,131.03 monthly loss
>
> Sincerely,
>
> BEAU LAWRENCE, AIC, AINS, LPCS
> Field Claims Representative
> Mesa North/East Claims
> p: 480.830.7119, ext. 58304
> f: 480.830.8794

31. The Insurance Company now claims 5205's covered lost rental income is less than half of what 5205 has suffered and what the Insurance Company agreed the monthly loss was on March 21, 2019.

32. The Insurance Company has ignored repeated requests by 5205 to identify the language in the Policy that supports the Insurance Company's position on its failure to pay the full loss of rent suffered by 5205. Nothing in the Policy supports the Insurance Company's position.

33. The Insurance Company has also wrongfully claimed that coverage for lost rental income is limited by a business income and extra endorsement. The Insurance Company has ignored that coverage for a collapse is a separate and additional coverage. The provisions providing coverage for collapse do not contain any of the limitations the Insurance Company seeks to impose on 5205. The Insurance Company has ignored this when 5205 has brought it up, and the Insurance Company has never sent any further explanation for its wrongful interpretation of the Policy.

34. 5205 has made a claim for the lost value of the tenant improvements 5205 made for Tenant. 5205 estimates it spent $13,700.00 on these tenant improvements. The value of these improvements has been lost since Tenant terminated its lease as a result of the Collapse. The Insurance Company has completely ignored this claim and failed to pay it.

35. 5205 has made a claim for the lost value of free rent 5205 gave Tenant as an inducement. 5205 provided Tenant with $16,584.00 of free rent. The value of this free rent has been lost since Tenant terminated its lease as a result of the Collapse. The Insurance Company has completely ignored this claim and failed to pay it.

36. 5205 has made a claim for the costs 5205 will likely incur to hire a real estate broker to secure a replacement tenant since Tenant terminated its release as a result of the Collapse. 5205 estimates it would incur about $29,748.38 in broker commissions. The Insurance Company has completely ignored this claim and failed to pay it.

37. 5205 has made a claim for the costs 5205 will likely incur for tenant improvements to secure a replacement tenant since Tenant terminated its release as a result of the Collapse. The Insurance Company has completely ignored this claim and failed to pay it.

### The Insurance Company's Wrongful Reservation of Rights.

38. The Insurance Company wrote a letter to 5205 stating that the Insurance Company might deny coverage for the Water Damage if 5205 failed to exercise reasonable care to protect the Northeast Building.

39. In response, 5205 wrote a letter to the Insurance Company explaining the steps it took to protect the building and how it relied upon the licensed contractors hired by the Insurance Company. 5205 asked the Insurance Company to retract its reservation of rights.

7

40. The Insurance Company refused to retract its reservation of rights, and has failed to disclose its factual basis for continuing to reserve its rights to deny coverage for the Water Damage.

41. There is no factual basis for the Insurance Company to continue to reserve its rights. The Insurance Company knows this.

### The Insurance Company's Failure to Pay 5205's Claim.

42. The total amount of 5205's claim to date is $308,039.70. This amount is expected to increase until 5205 finds a new tenant.

43. To date, the Insurance Company has only paid $76,613.92, and 5205 has a $1,000.00 deductible. This leave a balance due of $241,499.94.

44. A reconciliation of 5205's claim to date is shown below:

**5205 Lincoln Claim Reconciliation**
**(as of August 16, 2019)**

| | |
|---|---:|
| Repair Costs | |
|    Roof Repairs | $76,710.64 |
|    Water Damage Repairs | $38,839.18 |
|    Lighting Repairs | $19,611.77 |
|    Mist System | $4,879.64 |
|    Sign Repairs | $1,437.60 |
|    Engineering | $250.00 |
| *Subtotal of Repair Costs* | $141,728.83 |
| | |
| Lost Rental Income (October 2018-August 2019) | $117,749.08 |
| Interest on Unpaid Lost Rental Income | $2,653.57 |
| Lost Value of Free Rent | $16,584.00 |
| Lost Value of Tenant Improvements | $13,700.00 |
| Real Estate Broker Charges | $29,748.38 |
| New Tenant Improvements | $ TBD |
| Administration Costs | $ TBD |
| Total Amount of Claim | $308,039.70 |
| | |
| Less Payments Received | ($76,613.92) |
| Less Deductible | ($1,000.00) |
| **Total Amount Owed by Insurance Company** | **$241,499.94** |

This amount is subject to revision in the course of discovery, and additional costs are

anticipated until a new tenant is found.

45. 5205 has demanded that the Insurance Company pay the $241,499.94 due and owing on 5205's claim. Without justification or excuse, the Insurance Company has failed to do so.

46. The Insurance Company's failure to timely pay 5205's claim has caused a hardship for 5205. Among other things, 5205 has had to borrow money from its owners to fund repairs; has had to delay performing certain work, such as the installation of new signs to replace the ones damaged in the Collapse; and 5205 has had to spend an inordinate amount of time handling its claim for which it owes compensation to its owners.

### The Insurance Company's Delay.

47. The Insurance Company has unreasonably delayed the adjustment and resolution of 5205's claim.

48. For example, it took the Insurance Company roughly two months to demolish the mansard roof after the Collapse, clean up the debris, and waterproof the Northeast Building. The delay was due to the Insurance Company's failure to contract with the initial contractor, Serv Pro, for the full scope of needed work, and delay in hiring another contractor to complete the additional work when the Insurance Company did not like Serv Pro's price.

49. As another example, the Insurance Company asked 5205 to obtain two bids to repair the damage caused by the Collapse. 5205 obtained two bid and provided them to the Insurance Company, which then insisted that it obtain a third bid. The Insurance Company failed to provide the correct scope of work to the third bidder and the final third bid did not come in until the end of March 2017. Even then, the third bidder did not even include the cost

of a building permit in its estimate.

50. The Insurance Company has consistently failed to timely respond to 5205's communications, and indeed ignored many emails and letters from 5205.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

51. 5205 incorporates its allegations above as if fully set forth herein.

52. The Policy was a contract between 5205 and the Insurance Company.

53. 5205 performed its obligations under the Policy by, among other things, timely paying all premiums due, promptly reporting its claim, and cooperating with all requests made by the Insurance Company.

54. The Insurance Company breached its obligations under the Policy by, among other things, failing to pay 5205's claim. The amount due on the claim is no less than $241,499.94 as of the present time, and that amount is expected to increase until 5205 secures a replacement tenant.

55. As a result of the Insurance Company's breach of contract, 5205 is entitled to judgment against the Insurance Company in a principal amount to be proven at trial but in no event less than $241,499.94, plus accrued and accruing interest from the date due until paid.

56. 5205 is entitled to an award of attorneys' fees and costs under A.R.S. §§ 12-341 and 12.341.01

THEREFORE, 5205 demands the following relief against the Insurance Company:

A. Judgment in a principal amount to be proven at trial but in no event less

than $241,499.94, together with accrued and accruing interest from the date due until paid;

  B. Judgment for 5205's attorneys' fees and costs; and

  C. All other relief the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

57. 5205 incorporates its allegations above as if fully set forth herein.

58. This count is a contract claim for the Insurance Company's breach of the Policy's covenant of good faith and fair dealing.

59. The Policy was a contract between 5205 and the Insurance Company.

60. Under Arizona law, every contract contains an implied covenant of good faith and fair dealing.

61. The Policy contains an implied covenant of good faith and fair dealing.

62. The covenant of good faith and fair dealing prohibited the Insurance Company from doing anything to prevent 5205 from receiving the reasonably expected benefits and entitlements of the Policy.

63. Under the Policy, 5205 reasonably expected to receive prompt and fair adjustment and payment of its claim.

64. The Insurance Company breached the implied covenant of good faith and fair dealing by denying 5205 the benefits and entitlements it reasonably expected to receive under the Policy. Among other things, the Insurance Company: failed to pay 5205's claim without a reasonable basis; failed to promptly pay portions of 5205's claim that the Insurance Company did not dispute or did not have a reasonable basis not to dispute; failed to timely or

reasonably investigate, process, and adjust 5205's claim; changed its position without a reasonable basis for doing so; provided false information and assurances to 5205; reserved rights without a reasonable basis for doing so; failed to adequately staff its claims department or train its adjusters; and forced Policyholder to file a lawsuit in order to obtain payment.

65. The Insurance Company's breaches of the covenant of good faith and fair dealing have caused 5205 to suffer direct and consequential damages in a principal amount to be proven at trial, but in no event less than $241,499.94.

66. As a result of the Insurance Company's breaches of the covenant of good faith and fair dealing, 5205 is entitled to judgment against the Insurance Company in a principal amount to be proven at trial but in no event less than $241,499.94, plus accrued and accruing interest from the date due until paid.

67. 5205 is entitled to an award of attorneys' fees and costs under A.R.S. §§ 12-341 and 12.341.01

THEREFORE, 5205 demands the following relief against the Insurance Company:

A. Judgment in a principal amount to be proven at trial but in no event less than $241,499.94, together with accrued and accruing interest from the date due until paid;

B. Judgment for 5205's attorneys' fees and costs; and

C. All other relief the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### (Insurance Bad Faith)

68. 5205 incorporates its allegations above as if fully set forth herein.

69. This count is a tort claim for the Insurance Company's bad faith.

70. Under Arizona law, an insurance company owes its policyholders a duty of good faith and fair dealing.

71. Under Arizona law, an insurance company must immediately conduct an adequate investigation; act reasonably in evaluating a claim; act promptly in paying a legitimate claim; do nothing that jeopardizes an insured's security under the policy; not force an insured to go through needless adversarial hoops to achieve its rights under the policy; and not lowball claims or delay claims hoping that the insured will settle for less.

72. The Insurance Company committed bad faith by failing to reasonably process and pay 5205's claim without a reasonable basis for doing so. Among other things, the Insurance Company: failed to pay 5205's claim without a reasonable basis; failed to promptly pay portions of 5205's claim that the Insurance Company did not dispute or did not have a reasonable basis not to dispute; failed to timely or reasonably investigate, process, and adjust 5205's claim; changed its position without a reasonable basis for doing so; provided false information and assurances to 5205; reserved rights without a reasonable basis for doing so; failed to adequately staff its claims department or train its adjusters; and forced Policyholder to file a lawsuit in order to obtain payment

73. The Insurance Company did not have a reasonable basis for its conduct, which the Insurance Company knew or recklessly disregarded.

74. The Insurance Company's bad faith has caused 5205 to suffer direct and consequential damages in a principal amount to be proven at trial, but in no event less than $241,499.94.

75. As a result of the Insurance Company's bad faith, 5205 is entitled to judgment against the Insurance Company in a principal amount to be proven at trial but in no event less than $241,499.94, together with accrued and accruing interest from the date due until paid.

76. 5205 is entitled to an award of punitive damages against the Insurance Company because it consciously disregarded 5205's rights under the Policy and the substantial likelihood 5205 would be harmed by the Insurance Company's actions.

77. 5205 is entitled to an award of attorneys' fees and costs under A.R.S. §§ 12-341 and 12.341.01.

THEREFORE, 5205 demands the following relief against the Insurance Company:

A. Judgment in a principal amount to be proven at trial but in no event less than $241,499.94, together with accrued and accruing interest from the date due until paid;

B. Judgment for 5205's attorneys' fees and costs; and

C. All other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 20th day of August, 2019.

HOLDEN WILLITS PLC

Barry A. Willits
Nelson A. F. Mixon
Attorneys for 5205 Lincoln, LLC

```
              JEFF FINE
      CLERK OF THE SUPERIOR COURT
        MARICOPA COUNTY, ARIZONA
      WWW.CLERKOFCOURT.MARICOPA.GOV


            Loc: 0010330   OP# 03003


    Description            Qty   Amount
    ---------- CASE# CV2019-011818 ----------
    CIVIL NEW COMPLAINT    001   333.00
    SUB TOTAL                    333.00

    TOTAL AMOUNT DUE              333.00

    CHECK (3255)                  333.00
    TOTAL PAID                    333.00

    CHANGE                          0.00


         Date 08/20/2019 Time 10:49:53
               Receipt# 27376903

    AZ PREMIER / 5205 LINCOLN V OWNERS



         Keep This Receipt For Your Records
```